### B. KROGER, ET AL., *v.* ROGER WHEEL CO.

[Abstract Kentucky Law Reporter, Vol. 1—419.]

**Jurisdiction of Court of Equity.**

> In the absence of any lien on property a return of nulla bona is necessary to give a court of equity jurisdiction to subject property to a debtor's claim. No cause of action exists in equity in a cause where the creditor has failed to exhaust his common-law remedy.

#### APPEAL FROM FAYETTE CIRCUIT COURT.

November 24, 1880.

OPINION BY JUDGE PRYOR:

Without passing on the facts of this record as to the question of actual fraud, it is manifest that the case is not within the provisions of the law preventing sales in contemplation of insolvency and with a design to prefer. The mortgagee was not a creditor, and if the transaction was fraudulent no cause of action existed as the appellee had failed to exhaust his common-law remedy.

There was no lien for the appellee's debt created by a levy of an attachment or otherwise on the property of the debtor, and this court has invariably held that to give a court of equity jurisdiction in the absence of any lien a return of *nulla bona* is necessary. Failing to bring the case within the statute presenting a preference of creditors by an insolvent debtor, it seems to us no cause of action was made out or alleged.

Judgment *reversed* and cause remanded for further proceedings.

*Z. Gibbons, for appellants. F. Waters, for appellee.*